Entered on Docket June 29, 2016

**Below is the Order of the Court.**



_____
**Brian D. Lynch**
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

_____

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re: <br><br> PATRICIA JO SHAY and <br> KEITH RONALD PAULUS, <br><br><br> Debtors. | Case No. 16-41120-BDL <br><br> **MEMORANDUM AND ORDER ON MOTION TO CONFIRM AMENDED PLAN** |

Debtors Patricia Shay and Keith Paulus have moved the Court (ECF Nos. 21, 22) to approve for confirmation an Amended Chapter 13 Plan (ECF No. 20) that seeks to exercise 11 U.S.C. §1322(b)(9) and have all property acquired post-petition vest with the Debtors rather than with the Chapter 13 Trustee as property of the estate, as this district's Chapter 13 Form Plan provides. Chapter 13 Trustee Michael Malaier has opposed confirmation of the proposed Amended Plan (ECF No. 27). Argument was heard on the matter from counsel for the Debtors and for the Chapter 13 Trustee on Tuesday June 7, 2016 and the Court took the matter under advisement. As discussed below, the Court DENIES confirmation of Debtors' proposed Amended Chapter 13 Plan.

ORDER ON MOTION TO CONFIRM AMENDED PLAN - 1

## I. Background

Debtors commenced this case on March 16, 2016. They are above median income debtors with an applicable commitment period of 60 months. Debtor Shay works for Pierce County, and has for 46 years, and earns net income each month of $5,123.00. At the time of filing Debtor Paulus was not employed and not collecting unemployment.[1] Debtors also listed income on their Schedule I from a tax refund that amortized to $500 per month, for total monthly income of $5,623. Their Schedule J reflects monthly expenses of $4,681, for monthly net income of $942. Debtors have no dependents in their household.

Debtors do not have a mortgage, and have one secured creditor on a car loan of $13,758. They are also liable on the lease of a 2016 Camry (which they have assumed) that they scheduled with approximately $26,000 liability for lease payments remaining. Mr. Paulus has one priority debt creditor, $36,388 in back child support owed to the Washington State Department of Social and Health Services.

Debtors scheduled $96,296 in general unsecured debt on their Schedule F, the bulk of which is a $67,300 judgment in favor of Usama Darwich Hamade, which arises from a 2014 state court lawsuit described in Debtors' Statement of Financial Affairs as a contract dispute arising out of an entity for which Debtor Paulus was the webmaster.

With their petition, Debtors filed a proposed Chapter 13 Plan (ECF No. 2) on the prescribed form with plan payments of $435 every two weeks. The plan proposed to pay $3780 in attorney's fees, $275 per month on the car loan at 4% interest, and paid at least $4,503.60 to general unsecured creditors.[2] Debtors were to pay $100 a month directly to the beneficiary on the domestic support obligation, and would also make a $218 per month lease payment directly.

---

[1] The Statement of Financial Affairs shows Debtor Paulus has not had any source of income since 2014.

[2] The Chapter 13 Trustee calculates that under the Amended Plan Debtors will actually pay approximately $35,668 to general unsecureds, although that does not account for any additional attorneys' fees. (ECF No. 27)

The original plan included the form language in Paragraph VIII, Property of the Estate, which includes a provision that property of the estate that was in the possession of the debtor on the petition date would vest with the debtor upon confirmation. It also included the form language as to post-petition property:

> Property (including, but not limited to, bonuses, inheritances, tax refunds or any claim) acquired by the debtor post-petition shall vest in the Trustee and be property of the estate. The debtor shall promptly notify the Trustee if the debtor becomes entitled to receive a distribution of money or other property (including, but not limited to, bonuses, inheritances, tax refunds or any claim) whose value exceeds $2,500.00, unless the plan elsewhere specifically provides for the debtor to retain the money or property.

On April 28, 2016, Debtors withdrew this proposed plan and filed the First Amended Chapter 13 Plan at issue here (ECF No. 20). The terms of the Amended Plan are almost identical to the first – same plan payment, same payments to creditors – but it edited the language of Paragraph VIII to say that property acquired by Debtors post-petition shall vest "in the Debtor(s)", as opposed to the Trustee. Debtors also added a provision in Paragraph XII ("Additional Case-Specific Provisions") to identify that they had altered the language of Paragraph VIII.

Debtors' arguments in support of the Amended Plan (ECF No. 22) is that the requirement of Local Rule W.D. Wash. Bankr. 3015-1(a) that the Form Plan be used exceeds the Court's rulemaking authority because the form language requiring vesting of post-petition property with the Trustee abrogates the Debtors' rights under Section 1322(b)(9) to include in a Plan, at a debtor's option, provision to vest property of the estate, at confirmation or any later time, in the debtor or any other entity. Debtors claim it is unfair that if they seek to better their position and earn more income, they would then have to go to the Trustee to ask for that money back. They oppose being put in "indentured servitude" for the five-year duration of their plan. Debtors argue that the provision of the form plan requires that they pay their "actual" disposable income into a plan, rather than projected disposable income, in contravention of

the holding of *Anderson v. Satterlee (In re Anderson)*, 21 F. 3d 355 (9th Cir. 1994). At oral argument, Debtor's counsel voiced further concerns that the language of the form plan could allow the Trustee to intercept from an employer a bonus or profit-sharing payout, although indicated neither were at issue in this case.

The Chapter 13 Trustee filed an opposition to Debtors' motion to confirm the Amended Plan (ECF No. 27) arguing that the Form Plan, and local rule requiring its use, do not deprive Debtors of any rights because the plan can be amended via provisions in Paragraph XII and also Debtors do not have a right to retain post-petition property, which under 11 U.S.C. §1306(a) is property of the estate, at least without giving the Trustee and creditors the opportunity to modify the plan to have the value of the property disbursed to creditors. Trustee points out that even if property vests with the Trustee, that does not equate to a plan modification and the Trustee cannot payout any additional income or other property received to creditors without a court approved plan modification under 11 U.S.C. §1329. The Trustee further argues that the Plan is not filed in good faith as the revision to Paragraph VIII is really an attempt to try to prevent the Trustee or a creditor from seeking to modify a plan if the debtor experiences post-confirmation changes in circumstance or acquires nonexempt post-petition property.

II. **Analysis**

**A. The Local Rule and Form Language in the Form Plan Are Proper Exercises of the Court's Rulemaking Authority**

The parties agree that the standard as to whether a local rule is an appropriate exercise of rulemaking under Federal Rule of Bankruptcy Procedure 9029 is whether the rule or practice is: (1) consistent with the Acts of Congress and Federal Rules of Bankruptcy Procedure; (2) not duplicative of the Code of Bankruptcy Rules; and (3) not used to limit or prohibit use of the Official Forms. Fed. R. Bankr. P. 9029(a); *Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 784 (9th Cir. 2007).

Here, the local rule at issue, Local Rule W.D. Wash. Bankr. 3015-1, requires in subsection (a) that all chapter 13 plans must confirm to Local Bankruptcy Form 13-4 (the "Form Plan"). But subsection (b) goes on to provide that any additional case-specific provisions that modify any other provision of the Form Plan should be included in Paragraph XII and should begin by referencing the paragraph edited.

Contrary to Debtors' argument, the local Form Plan does not require that any debtor include the language Paragraph VIII wholesale. Local Rule 3015-1(b) specifically allows a debtor to change the language of the form plan but requires that the debtor include the language in a particular location, Paragraph XII of the Form Plan, and that the debtor call out the paragraph which the debtor is proposing to change. In fact, that is what occurred here. A debtor may include specific vesting language in Paragraph XII and such a plan may be confirmed provided it is in compliance with all other provisions of the Bankruptcy Code. Paragraph VIII is the default provision regarding vesting of property, developed by the Court with the assistance of the bar through a Local Rules Committee, in recognition that most debtors usually want pre-petition property to vest with the debtor after confirmation. As discussed below, the provision regarding vesting of post-petition property is consistent with this Court's interpretation of the current state of the law.

Debtors' reliance on *In re Healthcentral.com*, 504 F.3d 775, 784 (9th Cir. 2007) and *In re Anderson*, 21 F.3d 355 (9th Cir. 1994) is misplaced. *Healthcentral* involved a local rule regarding withdrawal of reference which the Court found was inconsistent with 28 U.S.C. 157(d). *Anderson* invalidated a requirement of the Chapter 13 trustee that the debtor sign a "best efforts" certification pledging to pay all actual disposable income to the trustee for distribution to creditors. As discussed below, there is a difference between vesting property or income in the estate, and requiring that the value of said property or income be paid into a plan. As *Anderson* pointed out, a trustee cannot require that a debtor commit income to a plan

without obtaining an order modifying the plan. Paragraph VIII of the Form Plan does not address whether a debtor must pay additional income or the value of additional property into the plan. It is intended only to preserve the Trustee's or a creditor's ability to seek to modify the plan to require that some or all of the additional income or the value of post-petition property be paid into the plan.

As the Form Plan is not inconsistent with the Code or Rules, not duplicative and not used to limit use of the Official Forms, and allows a debtor to modify any provision in the Form Plan in accordance with other applicable law, the Court concludes that the Form Plan and Local Rule 3015-1 are proper exercises of the Court's rulemaking authority under Bankruptcy Rule 9029.

**B. Debtors' Proposed Modification Does Not Comply with the Law as to Post-Petition Property**

The issue whether the Debtors' proposed revision of Paragraph VIII complies with the Code requires consideration of the intersection of three provisions in the Bankruptcy Code. Section 1322(b)(9) allows debtors to provide in a plan for the vesting of any property of the estate, at confirmation or later, in the debtor or any other entity. Section 1327(b) provides that unless ordered otherwise, confirmation of the plan vests all property of the estate with the debtor. And Section 1306(a)(1) provides that all property of the same kind as specified in Section 541 which a debtor acquires after the commencement of a case – but before closure, dismissal or conversion – becomes property of the estate.[3]  While the issue is not fully resolved by the Ninth Circuit, there is significant case law addressing the intersection of Section 1327(b) and Section 1306(a).  Debtors' overlay of Section 1322(b)(9) appears to be a matter of first impression.

---

[3] Under Section 1306(a)(2) all earnings for services performed prior to dismissal, closure or conversion become property of the estate.

ORDER ON MOTION TO CONFIRM AMENDED PLAN - 6

### 1. Sections 1306 and 1327(b)

The Ninth Circuit considered the interplay of Sections 1306(a) and 1327(b) in *Calif. Franchise Tax Board. v. Kendall (In re Jones),* 657 F. 3d 921 (9th Cir. 2011). The Court found it had to "give meaning to each of these sections" but harmonizing them "is a controversial issue." *Id.* at 927 (*citing Barbosa v. Solomon*, 235 F. 3d 31, 36 (1st Cir. 2000)). The Court identified four approaches which had been adopted by various courts which had considered the issue before, in determining whether and to what extent property of the estate re-vests with a debtor at plan confirmation. While the Ninth Circuit affirmatively rejected one of the approaches (the "estate preservation" approach, where property remains property of the estate, even though it re-vests with the debtor), it declined to pick which of the three remaining approaches it would follow finding that it had no impact as to the particular facts before it. *Jones* at 928. Under the remaining approaches, pre-petition property of the estate may vest with the debtor at confirmation while property acquired after becomes property of the estate (the "modified estate preservation approach"), or all property pre- and post-petition vests with the debtor upon confirmation except as necessary to carry out the plan (the "estate transformation approach) or all property pre- and post-petition vests with the debtor unless the plan or confirmation order provides otherwise (the "estate termination approach"). The Court held that "at the very least, some estate property re-vests in the debtor at confirmation." The property in question in *Jones* were pre-petition assets which had re-vested with a debtor upon confirmation. That was sufficient to resolve the question before the Court. *Id.*

Subsequently the Ninth Circuit Bankruptcy Appellate Panel considered whether a post-petition inheritance which the debtor acquires more than 180 days after filing a petition is property of the estate in a chapter 13, in *Dale v. Maney (In re Dale),* 505 B.R. 8 (B.AP. 9th Cir. 2014), and found that Section 1306(a)(1) brings into the estate all property acquired and earnings from services performed during a chapter 13, regardless of when they were

ORDER ON MOTION TO CONFIRM AMENDED PLAN - 7

Case 16-41120-BDL    Doc 29    Filed 06/29/16    Ent. 06/29/16 15:42:27    Pg. 7 of 13

acquired. The Court held that Section 1306 is a broad definition, that expands the notion of what is property of the estate in a chapter 13. *Id.* at 11. It rejected the notion that while Section 541(a)(5) limits inheritances from becoming property of the estate in a chapter 7 case unless they were received within 180 days of the petition date, holding that the provisions of Section 1306(a)(1) were more specific and defined what is an estate for purposes of chapter 13 reorganizations. *Id.* at 12 (*citing Carroll v. Logan*, 735 F. 3d 147, 152 (4th Cir. 2013)). The BAP concluded that applying the restrictions of Section 541(a)(5) would make Section 1306(a) "lose all meaning." *Dale,* at 12.

Bankruptcy Courts in the Circuit since *Dale* have found that the same applies to property acquired post-confirmation, and Section 1327(a)'s provision that property normally vests with the debtor upon confirmation should not be construed "so as to suspend or supersede the more specific chapter 13 provision, §1306(a)(1)." *In re Rankin*, 546 B.R. 861, 867-8 (Bankr. D. Mont. 2016); *see also In re Wirshing*, Case No. 13-60990, 2015 WL 3525061 (Bankr. D. Mont. June 3, 2015) (both cases involved post-confirmation inheritances). *Dale* and the other decisions within the Ninth Circuit are consistent with the Eleventh Circuit decision in *Waldron v. Brown (In re Waldron)*, 536 F. 3d 1239 (11th Cir. 2008) where it held that a debtor's underinsured-motorist benefits, from an accident that occurred post-confirmation, were property of the estate. *Id* at 1242. The benefits were "acquired . . .after the commencement of the [debtor]'s bankruptcy case but before their case was dismissed, closed, or converted. Section 1306(a) does not mention the confirmation of the debtor's plan as an event relevant to what assets are property of the estate." *Id.* The Court found that if Congress meant for Section 1327(b) to "so dramatically affect the expansive definition of

property found in [section] 1306, it knew how to draft such a provision." *Id.* (*citing Security Bank of Marshalltown v. Neiman*, 1 F. 3d 687, 691 (8th Cir. 1993)).[4]

Applying these decisions to the extant case, should Debtors Shay and Paulus acquire additional income or property post-petition and/or post-confirmation, that property is property of the estate per Section 1306(a)(1) or (2). A plan provision that automatically vests post-petition property with the debtor without ever becoming property of the estate, as proposed by the debtors in their amended plan, is inconsistent with the Code.

The language of the Form Plan, declaring such property to be property of the estate and having it vest with Trustee, does not deny Debtors any substantive right, nor does it allow the Trustee to "intercept" funds and pay them to creditors. Requiring additional post-petition income or the value of post-petition property to be paid to creditors is a two-step process. First, as discussed further *infra* at page 12, the income and property must be property of the estate. *See In re McAllister,* 510 B.R. 409, 430 (N.D. Ga. 2014). Then the Trustee or a creditor must move the Court under Section 1329 to modify the plan to increase the payments on claims of a particular class. The Trustee makes payments only in accordance with the terms of a confirmed plan. 11 U.S.C. §1326(a)(2). The concerns expressed by Debtors at oral argument as to why they want the vesting paragraph changed to provide that all post-petition property will vest immediately with them, are unjustified. For the funds to be committed to creditors in chapter 13, first the funds have to be property of the estate, during which time the debtors will typically remain in possession of the property under Section

---

[4] *Waldron*'s holding suggests that it may apply only to property acquired post-confirmation, leaving a gap as to property acquired pre-petition and pre-confirmation. This leaves open a possibility that a debtor could acquire property post-petition, not disclose it, obtain confirmation of a plan and then claim that the undisclosed property had vested in him. If as the *Dale* court ruled, such property *is* property of the estate, then courts should make clear that unless property acquired post-petition but pre-confirmation, is specifically disclosed with adequate time for trustees and creditors to analyze whether a plan should be modified, such property should not be deemed to re-vest at time of confirmation under section 1327(a). *See In re Nott*, 269 B.R. 250, 257(Bankr. S.D. Ga. 2012) (property of a chapter 13 estate in existence "and disclosed" vests in the debtor pursuant to Section 1327(b)). A plan provision to that effect could well be consistent with the Code.

ORDER ON MOTION TO CONFIRM AMENDED PLAN - 9

1306(b). Then a party (debtor, creditor or the trustee) must obtain an order of the Court under Section 1329 approving a modified plan that directs some or all of those funds, or the value of nonexempt property under Section 1325(a)(4), be paid to creditors. In that process, a debtor gets to present revised schedules and make an argument as to how much of that added income the debtor needs or property the debtor can exempt, and how much should be committed to the plan to pay creditors. Without that second part of the process, the trustee cannot just take the funds from the debtor. As Debtors' briefing notes, the Form Plan allows debtors to propose to commit or not commit their future tax refunds to a plan, notwithstanding the fact that the refunds are clearly property of the estate under Section 1306(a)(2) as they derive from a debtor's earnings[5]. Similarly, debtors and the Trustee regularly negotiate how much of future bonus income will be committed to a plan in cases where that situation arises and is anticipated at confirmation. The Court concludes that the Debtors' proposed revision to the Form Plan paragraph VIII, is inconsistent with the Code regarding post-petition property.

### 2. Section 1322(b)(9).

The debtors argue that the Form Plan abridges their right to designate, pursuant to Section 1322(b)(9)'s provision that a plan can provide for "vesting of property of the estate, on confirmation of the plan or at a later time, in the debtor or in any other entity," to whom property of the estate existing at confirmation or acquired post-confirmation vests. While Section 1322(b)(9) has mostly been used by debtors attempting to vest real property back with a secured creditor in lieu of foreclosure or surrender via a deed in lieu and acceptance – a practice which also is controversial, *see e.g., Bank of New York Mellon v. Watt*, 3:14-cv-02051, 2015 WL 1879680 (D. Oregon April 22, 2015) – the statute clearly states that one option is allowing property to be vested with the debtor and allow the debtor to dictate the

---

[5] Whether the refunds have to be committed is a function of whether they are needed to fund a plan, which is often a question of how much of a refund might be anticipated based on the debtor's income, withholding and likely tax liability.

ORDER ON MOTION TO CONFIRM AMENDED PLAN - 10

timing of that vesting. There could be situations where a debtor receives specific additional property post-petition or post-confirmation, and the debtor fully discloses the property and its value to the trustee and creditors who would have the opportunity of arguing that the debtor should pay more into the plan on account of the nonexempt value of the property. And a debtor could then use Section 1322(b)(9) to provide in an amended plan for that asset to vest with the debtor or a third party. (for example, the tax refunds discussed above). This would comply with Section 1306, as the property has come into the estate, but gives a debtor the option after disclosure of the property and its value, to seek to retain the property and not pay its value into the plan.

The problem with what these Debtors are trying to do is their pre-emptive effort to use the option allowed under Section 1322(b)(9) to erase Section 1306 as to unknown and unanticipated assets and increases in income. Debtors' own motion contemplates that Mr. Paulus may well seek employment to increase their income, and it is clear Debtors do not want to have to share any of those funds with their creditors. But that is exactly what the Bankruptcy Code contemplates they may be required to do under Section 1329(a)(1). The same argument made regarding the interplay between Section 1327(b) and Section 1306(a), that other provisions of the Bankruptcy Code should not be construed "so as to suspend or supersede the more specific chapter 13 provision, §1306(a)(1)," *In re Rankin*, 546 B.R. at 867-8, equally applies to the relationship between Section 1322(b)(9) and Section 1306(a).

There are other consequences of a provision that automatically vests post-petition property in the debtor. As set forth in the Form Plan, if post-petition income vests with the Trustee as property of the estate, post-petition creditors and creditors not stayed under the Code from collecting against the debtor's property are stayed from attempting to collect debts from post-property of the estate under Section 362(a)(3). If that property is vested with the

Debtors, they lose any such protections. Post-petition creditors can go after property vested with the debtors to execute on judgments.

But the greatest risk of allowing such a provision in a plan blanketing any potential property, is that if such post-petition property does come into existence – especially an inheritance or other non-earning related assets –regardless of its size or availability, a debtor could argue there could be no modification of a plan per Section 1329 because that property has already vested with the debtor, is not property of the estate and therefore should not be available to creditors. Parties have argued that a court can require that non-estate property be paid to the Trustee to increase disbursements to creditors, but the better analysis is that debtors cannot be compelled to use "excluded property," i.e., property that is exempt or otherwise not property of the estate, to pay creditors. *In re McAllister,* 510 B.R. at 430 (citing *Gamble v. Brown (In re Gamble),* 168 F.3d 442 (11th Cir. 1999)).

A subtler consequence is one pointed out by Trustee at oral argument. Under Section 348, if a court determines that a conversion to chapter 7 is in bad faith, post-petition property of the estate becomes part of the chapter 7 estate. This provision becomes a nullify if the post-petition property automatically becomes property of the debtor.

The Court holds that Debtors cannot use Section 1322(b)(9) in a plan to vest unknown or undisclosed property, or property which may come into existence *in futuro*, in the debtor, and that such provision specifically contravenes Section 1306(a).

C. **Whether the Debtors' Proposed Revision to Paragraph VIII is Proposed in Good Faith**

The Trustee alternatively asks the Court to hold that the Debtors' proposed change to Paragraph VIII is not made in good faith. The Court cannot conclude on the record before it that the proposal by the Debtors is not in good faith. That would require an evidentiary

ORDER ON MOTION TO CONFIRM AMENDED PLAN - 12

Case 16-41120-BDL    Doc 29    Filed 06/29/16    Ent. 06/29/16 15:42:27    Pg. 12 of 13

hearing. It is unnecessary for the Court to address that issue based upon its conclusion that the Debtors' proposal is inconsistent with the Bankruptcy Code.

NOW, THEREFORE, IT IS HEREBY ORDERED that Debtors' Motion to Confirm their Amended Plan is DENIED. Debtors will have 14 days to file and serve a new plan consistent with this decision. The Trustee may seek dismissal of the case by *ex parte* order if the Debtors fail to file such a plan.

### END OF ORDER ###

ORDER ON MOTION TO CONFIRM AMENDED PLAN - 13